## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 24 2019, 9:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John Andrew Goodridge
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Frankie Lynn Pollard, Jr., <br> *Appellant-Defendant*, <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff*. | October 24, 2019 <br><br> Court of Appeals Case No. 19A-CR-1097 <br><br> Appeal from the Vanderburgh Circuit Court <br><br> The Honorable Kelli E. Fink, Magistrate <br><br> Trial Court Cause No. 82C01-1804-F5-2860 |

**Brown, Judge.**

[1] Frankie Lynn Pollard, Jr., appeals his sentence for operating a motor vehicle after forfeiture of license for life as a level 5 felony and being an habitual offender. We affirm.

## Facts and Procedural History

[2] On April 19, 2018, law enforcement detained Pollard after observing that he failed to stop at a traffic light. After discovering the status of his license, officers placed him under arrest. The State charged him with operating a motor vehicle after forfeiture of license for life as a level 5 felony and alleged that he was an habitual offender. A jury found him guilty of the level 5 felony, and he pled guilty to being an habitual offender pursuant to an agreement providing for a two-year enhancement. The court found the fact Pollard pled guilty to being an habitual offender and that the offense did not harm any property or person to be mitigating and his criminal history to be aggravating. It sentenced him to four-and-one-half years on the level 5 felony and enhanced the sentence by two years for being an habitual offender.

## Discussion

[3] Pollard claims that his sentence is inappropriate under Ind. Appellate Rule 7(B), that this Court should revise his sentence and impose the minimum sentence of one year for his level 5 felony and enhance the sentence by two years for being an habitual offender, and that an aggregate sentence of three years would be appropriate. He argues that, although his trial counsel admitted his character was not good, he pled guilty to being an habitual offender, that

"[a]ll in all, [he] received the maximum sentence under the law for a person committing a Level 5 felony," and that the nature of his offense is unremarkable. Appellant's Brief at 12. The State responds that Pollard has failed to show that the nature of the offense or his character supports a reduction of his sentence, that, contrary to his claim, he did not receive the maximum sentence, and that he has an extensive criminal history including a number of driving-related offenses and felonies.

[4] Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Ind. Code § 35-50-2-6 provides that a person who commits a level 5 felony shall be imprisoned for a fixed term of between one and six years with the advisory sentence being three years. Ind. Code § 35-50-2-8 provides that the court shall sentence a person found to be an habitual offender to an additional fixed term that is between two and six years for a person convicted of a level 5 felony. Pollard received a sentence of four-and-one-half years for his level 5 felony conviction which was enhanced by two years for being an habitual offender.

[5] Our review of the nature of the offense reveals that Pollard operated a motor vehicle after forfeiture of license for life. Our review of the character of the offender reveals that he pled guilty to being an habitual offender pursuant to an

agreement providing that he would receive a two-year enhancement. The presentence investigation report ("PSI") indicates that Pollard was adjudicated delinquent as a juvenile for criminal trespass and possession of a look-alike substance. According to the PSI, his adult criminal history includes numerous misdemeanor convictions, including at least three counts of operating a motor vehicle without ever having received a license, false informing, criminal trespass, failure to stop after an accident, public intoxication, driving while suspended, disorderly conduct, resisting law enforcement, conversion, battery, and possession of marijuana. It also indicates that he received felony convictions for three counts of possession of cocaine or narcotic drug, forgery, operating a vehicle as an habitual traffic violator as a class D felony in 2010, operating a motor vehicle after lifetime forfeiture of driving privileges as a class C felony in 2012, and escape. It shows a revocation of his community corrections placement. The PSI also states that charges for possession of methamphetamine were filed in another cause in July 2018. The PSI indicates that Pollard reported that he began using alcohol at age twelve, began using marijuana at age ten, and became a daily smoker at age sixteen. It also indicates that the result of the risk assessment tool places him in the very high risk to reoffend category.

[6] After due consideration, we conclude that Pollard has not sustained his burden of establishing that his sentence is inappropriate in light of the nature of the offense and his character.

[7] For the foregoing reasons, we affirm Pollard's sentence.

[8]     Affirmed.

[9]     Altice, J., and Tavitas, J., concur.